See also 827 F.Supp. 526.

**UNITED STATES of America, and State of Indiana, Plaintiffs,**

**v.**

**SCA SERVICES OF INDIANA, INC., Defendant.**

**SCA SERVICES OF INDIANA, INC., Third–Party Plaintiff,**

**v.**

**OMNI SOURCE CORPORATION, et al., Third–Party Defendants.**

**Civ. No. F 89–29.**

United States District Court, N.D. Indiana, Fort Wayne Division.

July 8, 1993.

Angila M. Prather, Timothy Junk, Office of Indiana Atty. Gen., Indianapolis, IN, for State of Ind.

David H. Miller, U.S. Attys. Office, Fort Wayne, IN, Maureen M. Katz, U.S. Dept. of Justice, Environmental Enforcement Section, Environment and Natural Resources Div., Washington, DC, for U.S.

J. Frank Kimbrough, Wilks and Kimbrough, Fort Wayne, IN, Percy L. Angelo, Patricia F. Sharkey, Kurt D. Williams, Thomas W. Dimond, Mayer Brown and Platt, Chicago, IL, for SCA Services of Indiana, Inc.

Alan VerPlanck, Robert S. Walters, David R. Steiner, James Fenton, Barrett and McNagny, Fort Wayne, IN, for Omni Source Corp.

Solomon L. Lowenstein, Jr., Fort Wayne, IN, for A & J Enterprises, Inc., and Almet Inc.

Larry L. Barnard, Milford M. Miller, Miller Carson Boxberger and Murphy, Fort Wayne, IN, for Advanced Mach. & Tool Corp. and Auto Trim Co.

Roseann Oliver, Chicago, IL, for Aeroquip Corp.

Thomas A. Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, for Allen County Motor Service.

Auto Trim Co., pro se.

Gaspare G. Ruggirello, Gabriel M. Rodriguez, Frith C. Crandall, Chicago, IL, for Borg–Warner Corp.

Vincent J. Backs, Beers Mallers Backs and Salin, Fort Wayne, IN, for Branstrator Aluminum.

Richard P. Samek, Miller Carson Boxberger and Murphy, Fort Wayne, IN, for Chalfant–Perry–Klaehn Funeral Home.

D.H. Brennan, Jr., Chicago, IL, for Chemcentral Corp.

Abraham Singer, David L Maurer, Thomas P. Wilczak, Detroit, MI, for Chrysler Corp.

Robert B. Wright, Robert B. Wright and Associates P.C., Fort Wayne, IN, for Colwell/General Inc.

William J. Pinamont, Philadelphia, PA, for Consolidated Rail Corp.

Barry L. Malter, Warren Anthony Fitch, Julie A Weisman, Washington, DC, for Cooper Tire & Rubber Co.

Andrea Kojm Thomas, Corning, NY, for Corning Glass Works.

Arthur G. Surguine, Hunt Suedhoff Borror and Eilbacher, Fort Wayne, IN, Anita Crews, Susan M. Griesgraber, John C. Knoepfler, Minneapolis, MN, for Crosby Group, Inc.

Ronald J. Tirpak, Schenkel and Tirpak, Fort Wayne, IN, for Custom Tube Co, Inc.

James G. Fausone, Troy R. Taylor, Dykema Gossett, Detroit, MI, for Dana Corp.

James R. Morrin, Sanford M. Stein, Lori Prokes Davis, Chicago, IL, for Deister Concentrator Co. Inc.

Todd A. Mikesell, Scott E. Shockley, DeFur Voran Hanley Radcliff and Reed, Hanley Radcliff and Reed, Muncie, IN, for William A. Didier & Sons, Inc.

Robert S. Walters, James Fenton, Fort Wayne, IN, for Barry Dorman.

Sanford M. Stein, Lori Prokes Davis, Chicago, IL, for Essex Group Inc.

C. Erik Chickedantz, Thomas M. Gallmeyer, Hawk Haynie Gallmeyer and Chickedantz, Fort Wayne, IN, Thomas B. Smith, J. Daniel Berry, Washington, DC, for Evans Product Co.

Harvey L. Friedman, Laurence Y. Solarsh, New York City, Solomon L. Lowenstein, Jr., Fort Wayne, IN, for Fonda Container.

James G. Fausone, Troy R. Taylor, Nancy Martin, Detroit, MI, for Federal–Mogul Corp.

Arthur G. Surguine, James J. Shea, Robert E. Kabisch, Hunt Suedhoff Borror and Eilbacher, Fort Wayne, IN, for Fleetwood Motor Homes of Indiana, Inc.

Arthur G. Surguine, James J. Shea, Hunt Suedhoff Borror and Eilbacher, W. Michael Horton, Burt Blee Dixon and Sutton, Fort Wayne, IN, for Fort Wayne Clutch, Inc.

Arthur G. Surguine, James J. Shea, Robert E. Kabisch, Hunt Suedhoff Borror and Eilbacher, Fort Wayne, IN, for Fort Wayne Foundry.

William D. Evans, Jr., Washington, DC, for Fort Wayne Newspapers, Inc.

Andrea L. Hermer, F. Dennis Logan, Rothberg Gallmeyer Fruechtenicht and Logan, Fort Wayne, IN, for Fort Wayne Public Transp. Corp.

Thomas P. Yoder, Barrett and McNagny, Fort Wayne, IN, for Fort Wayne Structural Steel Co., Inc.

Thomas A. Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, for General Elec. Co.

Travis S. Friend, Frank J. Gray, Beckman Lawson Sandler Snyder and Federoff, Fort Wayne, IN, for Gladieux Refinery Inc.

Thomas P. Wilczak, Detroit, MI, for B.F. Goodrich Auto Service.

Larry D. Espel, Peter L. Tester, Minneapolis, MN, for Glidden Paint Center.

Ronald B. Noga, Columbus, OH, for Grossman Industries Inc.

W.C. Blanton, Jodie L. Miner, Ice Miller Donadio and Ryan, Indianapolis, IN, for Harris–Kayot, Inc.

Daniel J. Borgmann, Helmke Beams Boyer and Wagner, Fort Wayne, IN, Solomon L. Lowenstein, Jr., Fort Wayne, IN, for Hassan Barrel Co.

Bryan G. Tabler, Barnes and Thornburg, Indianapolis, IN, Thomas A. Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, for Indiana Michigan Power Co.

Solomon L. Lowenstein, Jr., Fort Wayne, IN, for Indiana Stamp Co., Inc.

Thomas A Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, Carl S. Grabinski, Chicago, IL, for ITT Corp. and Joslyn Mfg. Co.

Edward E. Beck, John B. Powell, Daniel Serban, Shambaugh Kast Beck and Williams, Fort Wayne, IN, for K & G Mfg. Co., Inc.

Arthur G. Surguine, Hunt Suedhoff Borror and Eilbacher, Fort Wayne, IN, for Keefer Printing Co.

Thomas A. Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, for Knepper Cartage Inc.

Robert B. Wright, Robert B. Wright and Associates, P.C., Fort Wayne, IN, for Leepoxy Plastics Inc.

Michael J. Hughes, Edmund B. Moran, Jr., Chicago, IL, for Levin & Sons.

Loren K. Allison, John C. Theisen, Gallucci Hopkins and Theisen P.C., Fort Wayne, IN, Dean S. Applefield, Hartford, CT, for Lydall, Inc.

Thomas A. Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, for Magnavox Co.

Gabriel M. Rodriguez, Frith C. Crandall, Chicago, IL, Tim A. Grogg, Columbus, IN, for Maremont Corp.

Arthur G. Surguine, James J. Shea, Hunt Suedhoff Borror and Eilbacher, Fort Wayne, IN, for Meek Mack Body Shop.

Thomas A. Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, for Meyer Stamping and Mfg. Co.

Michael P. Carlton, Milwaukee, WI, for Mobile Aerial Towers Inc.

Michael D. Sears, Singleton Crist Patterson Austgen and Lyman, Munster, IN, Mark Mester, Laurence Levine, Mary Rose Alexander, Chicago, IL, for Navistar Intern. Transp. Corp.

Frederick R. Tourkow, Fort Wayne, IN, for New Haven Wire and Cable Co.

John C. Duffey, Anthony S. Benton, Stuart and Branigin, Lafayette, IN, for Norfolk & Western R. Co.

Maureen Grimmer, Eichhorn Eichhorn and Link, Hammond, IN, for Northern Indiana Public Service Co.

Robert S. Walters, James Fenton, Fort Wayne, IN, for Barry Pass.

Solomon L. Lowenstein, Jr., Fort Wayne, IN, for Perfection Varnish Co., Inc.

James W. Clark, Baker and Daniels, Indianapolis, IN, Holly D. Warshauer, Fort Wayne, IN, for Potlatch Corp.

Thomas A Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, for Protective Coatings.

W.C. Blanton, Jodie L. Miner, Ice Miller Donadio and Ryan, Indianapolis, IN, for Phelps Dodge Corp.

Loren K. Allison, John C. Theisen, Gallucci Hopkins and Theisen P.C., Fort Wayne, IN, Raymond C. Marshall, David E. Moser, San Francisco, CA, for Pines of America/Powerwheels Inc.

Stephen J. Lerch, Fort Wayne, IN, for Precision Litho Inc.

Thomas A Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, for Rea Magnet Wire Co., Inc.

Arthur G. Surguine, James J. Shea, Hunt Suedhoff Borror and Eilbacher, Paul B. McNellis, Wyss McNellis Riebenack and Myers, Fort Wayne, IN, for Ream–Steckbeck Paint Co.

Mark A. Goldsmith, C.J. Dunsky, Honigman Miller Schwartz and Cohn, Detroit, MI, for Rieke Corp.

Robert S. Walters, James Fenton, Fort Wayne, IN, for Leonard Rifkin.

Thomas A. Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, Diana H. Hull, Miami, FL, for Ryder Truck Rental.

Michael S. Talbett, M.D. Hayes, J.L. Lucari, Holleb and Coff, Chicago, IL, for Safety Kleen Envirosystems Co.

Thomas A. Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, Nicholas J. DeBenedictis, Philadelphia, PA, for Scott Paper Co.

Abraham Singer, David L. Maurer, Thomas P. Wilczak, Detroit, MI, for Terex Trailer Corp. Fruehauf Trailer Operations and Uniroyal Goodrich Tire Corp.

Norman L. Roelke, Fort Wayne, IN, for Tokheim Corp.

John C. Duffey, Anthony S. Benton, Stuart and Branigin, Lafayette, IN, Arthur G. Surguine, Hunt Suedhoff Borror and Eilbacher, Fort Wayne, IN, for Triangle Fleet Service.

David G. Thomas, Daniels Sanders Pianowski, Hamilton and Todd, Elkhart, IN, for United Limo, Inc.

Thomas A. Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, for United Technologies Automotive Systems, Inc.

Ronda P. Bayer, Minneapolis, MN, Solomon L. Lowenstein, Jr., Fort Wayne, IN, for Valspar Corp.

Thomas A. Coz, Frederick X. Shadley, Benesch Freidlander Coplan and Aronoff, Cincinnati, OH, Terrance M. Fay, Columbus, OH, for Van Wert, Ohio–Transfer Station.

Stephen Q. Giblin, Matthew L. Kuryla, Cleveland, OH, for Wayne Home Equipment Co.

Frank J. Deveau, Lawrence A. Vanore, Sr., Sommer and Barnard, Indianapolis, IN, for Zollner Corp.

Larry D. Espel, Peter L. Tester, Minneapolis, MN, for Glidden Paint Center.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on an appeal filed by SCA Services of Indiana, Inc. ("SCA") and various Third–Party Defendants [1] (collectively, "the parties opposing severance"), wherein they seek reversal of United States Magistrate Judge Roger B. Cosbey's March 31, 1993 Order ("Order") granting the United States and the State of Indiana (collectively, "the government") severance as parties in the litigation.[2] Both SCA and the Third–Party Defendants filed this appeal on April 14, 1993. The government filed its response to the appeal on May 7, 1993. SCA filed its reply May 17, 1993. After a hearing on May 28, 1993, the court took the matter under advisement. At that time, the court also directed the government to file a response as to whether the government was willing to unconditionally waive the rights it had to refuse discovery as a non-

1. The Third–Party Defendants appealing the Magistrate's Order are: A & J Enterprises, Inc.; Almet, Inc.; Fonda Container; Hassan Barrel Co.; Indiana Stamp Co., Inc.; Perfection Varnish Co., Inc.; Valspar Corp.; Allen County Motor Service; General Electric Co.; Indiana Michigan Power Co.; Joslyn Manufacturing Co.; Knepper Cartage, Inc.; Magnavox Co.; Meyer Stamping and Manufacturing Co.; Protective Coatings; Rea Magnet Wire Co., Inc.; Scott Paper Co.; Chrysler Corp.; Terex Trailer Corp.–Fruehauf Trailer Operations; Uniroyal Goodrich Tire Corp.; Omni Source Corp.; Leonard Rifkin; Barry Dorman; Barry Pass; Cooper Tire and Rubber Co.; Northern Indiana Public Service Co.; and Navistar International Transportation Corp.

2. On October 16, 1992, this Court entered an Order of Reference referring all non-dispositive pre-trial matters in this case to Magistrate Judge Cosbey pursuant to 28 U.S.C. § 636(b)(1)(A).

party under 40 CFR § 2.401, *et seq.* The United States filed its response on June 11, 1993, stating that it would not unconditionally waive its rights under that regulation. The State of Indiana filed its response on July 8, 1993, informing the court of its following position on the matter: "In essence, the State asks that your ruling either grant severance as to both governments or deny severance as to both governments." For the following reasons the Magistrate Judge's Order is REVERSED.

## BACKGROUND

The government initiated this environmental litigation by filing a complaint against SCA pursuant to §§ 104(a) and (b), 106 and 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. §§ 9604(a), 9604(b), 9606 and 9607(a) ("CERCLA"). In that complaint, the government sought to recover past and future response costs allegedly incurred, or to be incurred, by the government at the Fort Wayne Reduction Site in Allen County, Indiana ("the site"). The government alleges that, from 1967 to 1976, a variety of hazardous substances (industrial wastes, industrial liquids and sludges) were disposed at the site. At the May 28, 1993 hearing, one party estimated that remediation costs to clean up the site could exceed $15 million. The government's complaint sought to make SCA comply with all the terms of an August 26, 1988 Record of Decision ("ROD") signed by the United States Environmental Protection Agency's Regional Administrator.

Soon after the filing of the complaint, the government and SCA entered into a Consent Decree in which SCA agreed to perform remedial work outlined in the ROD and make specified payments to the government. The court entered the Consent Decree on July 18, 1989, and SCA has been in compliance with the Consent Decree since that time. On November 23, 1992, SCA filed its first Amended Third–Party Complaint against numerous Third–Party Defendants seeking contribution pursuant to § 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1) in order to recover costs it was incurring from the clean-up.

Third Party Defendants filed their answers and defenses but made no claims against the government.

On February 25, 1993, the government filed its "Motion for Severance as Parties." On March 12, 1993, the Third–Party Defendants, through lead counsel, filed a memorandum in opposition to severance. SCA also filed its memorandum opposing the government's severance on March 15, 1993. The government replied on March 26, 1993. On March 31, 1993, Magistrate Judge Cosbey issued an Order granting the government severance. It is from this Order which the parties opposing severance now appeal.

## *DISCUSSION*

The standard for reviewing non-dispositive orders of the Magistrate Judge is set out at Fed.R.Civ.P. Rule 72(a) and at Rule M–5(a) of the Rules of the United States District Court for the Northern District of Indiana. The latter provides:

(a) Appeal of Non–Dispositive Matters— 28 U.S.C. § 636(b)(1)(A).

Any party may appeal from a Magistrate's order determining a motion or matter under subsection M–1(a) of these rules, *supra*, within ten (10) days after the issuance of the magistrate's order, unless a different time is prescribed by the magistrate or a judge. Such a party shall file with the clerk of the court, and shall serve on the magistrate and all parties, a written statement of appeal which shall specifically designate the order, or part thereof, appealed from and the basis for any objection thereto. A judge of the court shall consider the appeal and shall set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law. The judge may also reconsider *sua sponte* any matter determined by a magistrate under this rule.

The government argues that it should be granted severance because it has no claims or controversy with the Third–Party Defendants and the Third–Party Defendants have no claims against the government. The parties opposing severance argue that discovery will be essentially frustrated without the government as a party.

The government sought severance pursuant to Fed.R.Civ.P. 14 and 21. Rule 14, which governs third party practice, states, "any party may move to strike the third-party claim, or for its severance or separate trial." Rule 21 states, in pertinent part:

Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

The court in *Hohlbein v. Heritage Mut. Ins. Co.*, 106 F.R.D. 73, 79 (E.D.Wis.1985) held that the determination of a motion to sever is "committed to the broad discretion of the trial judge," in order to promote the "legitimate interests of some of the parties." In determining whether to grant severance the court must consider the convenience and fairness to parties as well as the claim's separability in logic and law. *Hebel v. Ebersole*, 543 F.2d 14, 17 (7th Cir.1976); *see also,* 7 Wright, Miller & Kane, *Federal Practice and Procedure, Civil Second,* § 1689 (2d ed. 1986). In *Levine v. Federal Deposit Ins. Corp.*, 136 F.R.D. 544, 550 (D.Conn.1991), the court held that serving the "ends of justice" and facilitating the "prompt and efficient disposition of litigation" are appropriate considerations in determining severance.

Magistrate Judge Cosbey granted severance because the government had no real interest in the further litigation, the government continued to incur transaction costs, and the government's further involvement could possibly complicate litigation which is currently sufficiently complex. *See* Order, p. 8. In granting severance, Magistrate Judge Cosbey further explained his reasoning by clearly stating his perception that severance would not complicate discovery. While the government may not have a real interest in the third-party litigation, the Third–Party Defendants and SCA have an obvious need for access to documents and transcriptions of testimony possessed by the government.

In granting severance, Magistrate Judge Cosbey commented that the Third–Party defendants and SCA would "only be slightly more inconvenienced by the Plaintiffs' new non-party status" in obtaining discovery under Fed.R.Civ.P. 45. *See* Order, p. 7. Obviously, Magistrate Judge Cosbey granted the government's Motion for Severance without the benefit of citation to or discussion of the regulations under 40 CFR §§ 2.401, *et seq.* At § 2.402(b), the regulation states, in pertinent part:

[N]o EPA employee may provide testimony or produce documents in any proceeding to which this subpart applies concerning information acquired in the course of performing official duties or because of the employee's official relationship with EPA, unless authorized by the General Counsel or his designee under §§ 2.403 through 2.406.

Additionally, 40 CFR § 2.403 states, in pertinent part: "The General Counsel ... determines whether compliance with the request would clearly be in the interests of EPA...."

Certainly, Magistrate Judge Cosbey did not envision the government asserting immunity from discovery after severance. *See* Order, pp. 6–7, 9–10. Counsel for the government, counsel for SCA, and counsel for the Third–Party Defendants never mentioned this crucial regulatory provision in their briefs while the matter was before the Magistrate Judge. Only now, on appeal from the Magistrate Judge's Order, do the parties opposing severance bring the regulation to the court's attention.

The parties opposing severance argue that discovery will be more onerous without the government as a party. The government argues that if it is granted non-party status via severance, the information in its possession will be available to the other parties through the Freedom of Information Act ("FOIA").

In applying the standards for determining the merits of a severance order, as found in *Hebel, Hohlbein,* and *Levine, supra,* the court observes that while the government's claim may be logically and legally separable from the third party complaint, actually severing the government from this litigation creates inconvenience and unfairness to some of the parties involved. Although the discovery the parties seek from the government may

be available through the Freedom of Information Act, obtaining the relevant discovery material through that vehicle is likely to be an arduous process which will delay and add to the cost of resolving this litigation. In a July 29, 1993 conference held in Magistrate Judge Cosbey's chambers, the government acknowledged that its files containing information relating to the site measured approximately 70 linear feet.

Without ready access to relevant information, parties in this litigation will face extreme inconvenience in making informed and intelligent decisions regarding their litigation strategies. Given that the government initiated this litigation and that the government has control of substantial information it seems patently unfair to require the Third–Party Defendants to resort to the cumbersome vehicle of the Freedom of Information Act to obtain the necessary information which may allow them to completely respond to allegations of environmental liability. Furthermore, requiring the parties to seek information through the FOIA would likely result in unnecessary satellite litigation, delays and expense in order to obtain what should .be discoverable information. Moreover, if the government were permitted to exercise its non-party capacity to refuse discovery, the court could conceivably be involved in frequent discovery controversies relating to attempts to get information from the government.[3]

The court will not permit the government to frustrate the administration of this litigation by allowing the government to invoke its regulatory ability to refuse discovery as a non-party. The court seeks to administer this case as efficiently and expeditiously as possible, and seeks to avoid having it digress into even more of a litigation nightmare for the parties. To facilitate discovery the government will remain a party to the litigation. However, the court has no desire to require the government to be further involved in matters that no longer invoke the government's interest, yet as explained, *supra*, it is in the public interest to deny severance so as to facilitate discovery in this case. To this end, the court would entertain consideration of any proposed agreement between the parties wherein the government would be relieved of participation in non-essential third-party matters, but which would require the government's participation in discovery consistent with this order.

### CONCLUSION

For the foregoing reasons, the Magistrate Judge's Order granting severance is REVERSED.

---

**3.** It is conceivable that the Third–Party Defendants' attempt to enforce discovery, pursuant to Fed.R.Civ.P. 45(c)(2)(B), 45(c)(3)(A), 26(c) or 37(a)(1), would be required to be brought in the jurisdiction from where subpoenas were issued, or where depositions were noticed. This may result in discovery outside this court's jurisdiction, e.g. Washington DC, Chicago, or Indianapolis.